**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * * | |
| V. | * * | NO: 4:99CR00093-1 SWW |
| REGINALD E. WINSTON | * * * * | |

### ORDER

On September 17, 1999, Defendant Reginald E. Winston pleaded guilty to Count I of a one-count indictment for bank robbery, and on August 17, 2000, the Court sentenced Defendant to 220 months' imprisonment and three years' supervised release.

Now before the Court is a letter from Defendant, dated September 10, 2012 (docket entry #37). The Court appointed attorney Rickey Hicks to represent Defendant in this case, and Defendant reports in his letter that Hicks rendered ineffective assistance of counsel by, among other things, failing to review his pre-sentence report before sentencing and failing consult with him about filing an appeal.

Allegations regarding ineffective assistance of counsel are typically asserted in a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. However, Defendant's letter cannot be reclassified as a motion under § 2255 unless two preconditions are met. *See Morales v. United States*, 304 F.3d 764 (8th Cir. 2002). First, Defendant must receive and hereby does receive warning, that (a) federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single

application for post-conviction relief, and (b) a statute of limitations applies to § 2255 motions.[1]

Second, Defendant must be given an opportunity to either consent to reclassification or to withdraw his motion.

IT IS THEREFORE ORDERED that Defendant Reginald E. Winston shall notify the Court within 30 days from the entry date of this order whether he consents to reclassification of his letter to the Court (docket entry #37) as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  **If Defendant does not respond within thirty days, the letter will not be reclassified as a motion under 28 U.S.C. § 2255, and the Court will take no further action with respect to his letter.**

IT IS SO ORDERED THIS 27TH DAY OF SEPTEMBER, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] The Antiterrorism and Effective Death Penalty Act imposes a **one-year** statute of limitations for § 2255 motions.  The limitations period begins to run from the latest of four triggering dates:  (1)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.   28 U.S.C. § 2255.